UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Rafael Alberto Llovera Linares, *a/k/a Rafael Alberto Llovera,* | Civil No.: 13cv1082 (JRT/SER) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| State of Florida, | |
| Respondent. | |

This case is before the undersigned United States Magistrate Judge on Petitioner's application for leave to proceed *in forma pauperis*, ("IFP"), pursuant to 28 U.S.C. § 1915. (Docket No. 2.) The matter has been referred for a Report and Recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that Petitioner's IFP application be denied, and that this action be dismissed without prejudice.

Petitioner filed a habeas corpus petition and did not tender any filing fee with his petition, but instead applied for leave to proceed IFP. (Docket No. 1.) The Court previously reviewed Petitioner's IFP application, and found it to be insufficient for several reasons. The defects found in Petitioner's IFP application were identified in an order dated May 30, 2013. (Docket No. 10.) That order gave Petitioner until June 14, 2013, to cure the shortcomings of his original IFP application, by submitting a new and more complete application. The order expressly advised Petitioner that his case would be subject to summary dismissal, if he did not file an amended IFP application in a timely manner.

That deadline has expired. However, Petitioner has not filed an amended IFP application, nor has he offered any excuse for his failure to do so. In fact, Petitioner has not communicated

1

with the Court at all since this action was commenced several months ago. Therefore, based on the Court's express warning regarding the consequences that would follow if Petitioner failed to comply with the requirements of the prior order, it is now recommended that Petitioner be deemed to have abandoned this action, and that the action be summarily dismissed without prejudice for failure to prosecute. *See* Fed. R. Civ. P. 41(b) (actions may be dismissed for failure to comply with court orders). *See also Henderson v. Renaissance Grand Hotel*, 267 Fed.Appx. 496, 497 (8th Cir. 2008) (unpublished opinion) ("[a] district court has discretion to dismiss an action under Rule 41(b) for a Petitioner's failure to prosecute, or to comply with the Federal Rules of Civil Procedure or any court order"); *Link v. Wabash Railroad Co.*, 370 U.S. 626, 630-31 (1962) (recognizing that a federal court has the inherent authority to "manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases").

Having determined that this action should be summarily dismissed for failure to prosecute, the Court will further recommend that Petitioner's pending motion for appointment of counsel, (Docket No. 6), and his pending "Motion for U-VISA Certification," (Docket No. 8), be summarily denied.

## RECOMMENDATION

Based upon the above, and upon all the records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Petitioner's application to proceed *in forma pauperis*, (Docket No. 2), be **DENIED**;

2. Petitioner's motion for appointment of counsel, (Docket No. 6), be **DENIED**;

3. Petitioner's "Motion for U-VISA Certification," (Docket No. 8), be **DENIED**; and

4. This action be **DISMISSED WITHOUT PREJUDICE**.

Dated: November 8, 2013         *s/Steven E Rau*
                                Steven E. Rau
                                U.S. Magistrate Judge

Under D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **November 22, 2013** a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Court of Appeals.